**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLOBUS MEDICAL, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-02245 (MKC)** |
| | ) | |
| **DAN POWELL,** | ) | |
| | ) | |
| **Defendant** | ) | |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Globus Medical, Inc's ("Globus") Motion for Preliminary Injunction is pending before the Court. Upon the Complaint, the Motion, any response thereto, the parties' sworn submissions, the relevant law, and the entire record in this cause, the Court finds that each of the four factors governing the issuance of injunctive relief pursuant to Federal Rule 65 weigh in Globus' favor and that a Preliminary Injunction should be ENTERED enjoining Defendant, Dan Powell ("Defendant").

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Defendant shall:

1. Powell shall maintain the confidentiality of Globus's Confidential Information that was entrusted to him during his employment at Globus.

2. The parties shall, within three (3) days of the date of this Order, identify and agree upon a third-party forensic examiner who will examine Defendant's MacBook and other electronic devices and email accounts to identify and remove Globus' information from those devices and accounts and ensure such information was not transferred to any electronic device or storage repository.

3. To the extent not accomplished in connection with the examination referenced in Paragraph 2 of this Order, Powell shall return: (i) all Globus documents, papers or other

materials in his possession or under his control; and (ii) any additional or subsequently created documents, papers or other materials in his possession or under his control which may contain or be derived from Globus' materials and/or Confidential Information.

4.      The costs and expenses relating to the examination referenced in Paragraph 2 of this Order shall be paid by Defendant, whether through direct payment to the forensic examiner or via reimbursement of any payment made by Globus.

5.      Defendant shall, within thirty (30) days of the date of this Order, pay the reasonable costs, expenses and attorney's fees Globus incurred and paid in connection with this lawsuit pursuant to Section 5.2 of the No Competition and Non-Disclosure Agreement (the "NCNDA") in the amount of $_____.

6.      Should the Parties be unable to agree on any of the parameters governing the forensic examination or return and/or destruction of the Returned Materials, they shall contact the Magistrate Judge for resolution.

This preliminary injunction shall become effective immediately upon service on the Defendant, the Court expressly finding that the posting of a bond is not warranted, consistent with the terms of the Parties' contractual agreement, and shall remain in effect until such time as the undertakings in this Order are completed and the Parties provided notice of such completion to the Court.

**ENTER THIS ORDER ON THE ___ DAY OF APRIL, 2026.**

_____
**HONORABLE JUDGE MARY KAY COSTELLO**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLOBUS MEDICAL, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-02245 (MKC)** |
| | ) | |
| **DAN POWELL,** | ) | |
| | ) | |
| **Defendant** | ) | |

**<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

By and through its counsel, and pursuant to Federal Rule of Civil Procedure 65, Plaintiff, Globus Medical, Inc., respectfully moves the Court to enjoin Defendant, Dan Powell, from continuing to violate his contractual obligations to return Globus' property, including certain items that contain Globus' confidential and/or proprietary information, following his separation from Globus.  In support of this Motion, Globus states:

1.      Defendant was an Area Vice President in Globus' capital equipment division prior to voluntarily separating from Globus in November 2025.

2.      In the weeks and months leading to his voluntary separation from Globus, Defendant downloaded a number of files from Globus' cloud-based computer system (the "Downloaded Files"), including certain items that contained Globus' confidential and/or proprietary information.

3.      The No Competition and Non-Disclosure Agreement ("NCNDA") between Globus and Defendant required, without limitation, that Defendant maintain the secrecy of Globus' Confidential Informational (as defined by the NCNDA) and return all of Globus' materials that he possesses upon his separation from Globus.  Despite these contractual obligations, Defendant refuses to return Globus' materials.

1

4.      After voluntarily separating from Globus, Defendant immediately commenced a job with Globus' competitor, Alphatec Spine, Inc., selling capital equipment.

5.      As described in more detail in a contemporaneously filed memorandum that supports this motion:

- there is a substantial likelihood that Globus will prevail in this litigation;
- Globus will be irreparably harmed if the requested injunction is not issued;
- the issuance of that requested injunction will not harm Defendant; and
- issuing the requested injunction will benefit the public.

6.      As to the requested injunction, Globus respectfully requests that the Court:

- require Defendant to submit his electronic devices and email accounts that admittedly were utilized to access and download Globus' confidential and proprietary information to an independent forensic examiner to determine what Globus information is or was present on those devices and/or in those email accounts and whether any relevant files were forwarded to another device or some type of cloud storage; and
- ensure that any Globus materials on the relevant electronic devices are removed from those devices and/or accounts but returned to Globus and preserved in an appropriate manner.

7.      Globus respectfully submits that this Court enter the requested injunction either without the necessity of posting a bond or the posting of a bond in a *de minimus* amount. In support of its position, Globus states that Section 5.1 of the NCNDA specifically provides that Defendant, "consents to the entry of an injunction or other similar relief without the necessity of posting a bond or other financial insurance." Further, in the matter *sub judice*, no such bond is necessary as no financial burden will result to Defendant by requiring him to return Globus' property to it. Should the Court deem a bond necessary, it should not require one in excess of $2,500.00.

2

**WHEREFORE**, Plaintiff, Globus Medical, Inc., respectfully requests that this Court:

A.      grant its Motion for Preliminary Injunction;

B.      enjoin Defendant from further violations of his contractual obligations to return Globus' materials by, without limitation, requiring Defendant to submit his electronic devices and email accounts to an independent forensic examination; and

C.      grant any such other, further, and general relief that it deems just and proper.

                                        Respectfully submitted,

                                        **BURNS WHITE LLC**


Dated:  April 8, 2026                   *//s//* William J. Clements
                                        William J. Clements
                                        Pa. Atty. I.D. No. 86348
                                        1001 Conshohocken State Road
                                        Suite 1-515
                                        West Conshohocken, PA  19428
                                        (484) 567-5767 (Telephone)
                                        (484) 567-5701 (Facsimile)
                                        wjclements@burnswhite.com

                                        Christopher W. Cardwell, Esq. (TN Bar #19751)
                                        (*Pro Hac Vice Forthcoming*)
                                        Mary Taylor Gallagher, Esq. (TN Bar #21482)
                                        (*Pro Hac Vice Forthcoming*)
                                        M. Thomas McFarland, Esq. (TN Bar #033432)
                                        (*Pro Hac Vice Forthcoming*)
                                        GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
                                        150 Third Avenue South, Suite 1700
                                        Nashville, TN 37201
                                        (615) 244-4994 (Telephone)
                                        (615) 256-6339 (Facsimile)
                                        ccardwell@gsrm.com
                                        mtgallagher@gsrm.com
                                        tmcfarland@gsrm.com

                                        *Attorneys for Plaintiff, Globus Medical, Inc.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.  The party or parties served are as follows:

Dan Powell
6956 E. Nichols Avenue
Denver, Colorado 80112
dan@gritandarrow.com

*Defendant*

*//s//* William J. Clements